Weygandt, C. J.,
concurs in the judgment on the ground that the constitutional provisions relating to tax exemption and to the right of eminent domain are different.
To be exempt from taxation, property is required to be ‘ ‘ used exclusively for any public purpose. ’ ’ (Italics supplied.) According to the dictionaries, the universally accepted meaning of the word “exclusively” is “solely” or “without the inclusion of any other.” Hence, no amount of attempted construction or interpretation should be permitted to judicially legislate the word into an opposite meaning such as ‘ ‘ partially. ’ ’ And as long as the people of Ohio want the word in their organic law, the courts, of course, are required to recognize it.
In contrast, the constitutional provision- relating to the right of eminent domain requires simply that “private property shall be taken for public use.” In the absence of the word “exclusively,” it is the settled rule that a merely incidental private use or benefit, as in the instant case, will not defeat the right where there is a paramount public use of the property.
Stevens, J., of the Court of Appeals of the Ninth Appellate District, sitting by designation in the place and stead of Stewart, J.